UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

    -v.-        :        07 Cr. 1167 (LTS)

ANTHONY RUMORE,        :

    Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GOVERNMENT'S MEMORANDUM OF LAW
IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for the United States of America.

MICHAEL A. LEVY
Assistant United States Attorney,
    Of Counsel.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v.- | :   07 Cr. 1167 (LTS) |
| ANTHONY RUMORE, | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S MEMORANDUM OF LAW
IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The United States respectfully submits this Memorandum of Law in opposition to defendant Anthony Rumore's motion to dismiss the Indictment. For the reasons that follow, the motion should be denied in its entirety.

The Indictment alleges that from in or about 1988 until on or about September 10, 2004, the defendant used his positions as president of Local 812 of the International Brotherhood of Teamsters ("Teamsters") and president of Joint Council 16 of the Teamsters to extort personal services from the officers and employees of Local 812. (*See* Ind. at ¶¶ 4, 5, 9, and 11.) By way of example, the Indictment identifies 20 separate instances of this conduct. (Ind. at ¶ 11.) The Indictment charges the defendant with one count of extortion under the Hobbs Act, 18 U.S.C. § 1951 ("Count One"), and one count of misappropriating the assets of a labor union, in violation of 29 U.S.C. § 501(c) ("Count Two").

The defendant moves to dismiss the Indictment on three separate grounds. First, he asserts that Counts One and Two should be dismissed to the extent that they are based on conduct that occurred more than five years before the Indictment was returned – *i.e.*, prior to December 17, 2002. (Mot. to Dismiss at 3-8). Second, he asserts that both counts are impermissibly duplicitous because, he claims, the individual acts of misconduct alleged in the Indictment are each separate crimes must be charged individually and cannot be combined into one count of extortion or one count of misappropriation of the assets of a labor union. (Mot. to

Dismiss at 9-12).  Finally, the defendant asserts that Count Two must be dismissed because the services of labor union employees are not "property, or other assets of a labor organization" under 29 U.S.C. § 501(c).

**I.      The Statute of Limitations Does Not Require Dismissal Of The Indictment.**

Noting that some of the conduct set forth in the Indictment is alleged to have taken place more than five years before the Indictment was returned, the defendant asserts that the five-year statute of limitations established by Title 18, United States Code, Section 3282 requires that any such conduct "be dismissed from the indictment."  (Mot. to Dismiss at 4).  With respect to Count One, the defendant is plainly wrong.  The Second Circuit has already held that extortion in violation of the Hobbs Act is a continuing offense.  Accordingly, the limitations period did not begin to run with respect to Count One until the entire pattern of conduct had run its course.  With respect to Count Two, the Government submits that misappropriation of the assets of a labor union is arguably a continuing offense as well.  However, for the purposes of this case, the Government is prepared to limit that charge to conduct that took place within five years of the Indictment's return.  For reasons explained below, this will have minimal impact on the trial of this case.  Accordingly, the Court should deny the statute of limitations challenge to Count One on the merits, and, in light of the Government's concession, deny the challenge to Count Two as moot.

Title 18, United States Code, Section 3282(a), provides that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found . . . within five years next after such offense shall have been committed."  However, where a crime is a "continuing offense," the "limitations period . . . does not begin until the offense is complete," *i.e.*, "until the conduct has run its course."  *United States* v. *Rivera-Ventura*, 72 F.3d 277, 281 (2d Cir. 1995).  Hence, the continuing offense doctrine, "'for all practical purposes, extends the statute [of limitations] beyond its stated term,'" *id.* (quoting *Toussie* v. *United States*, 397 U.S. 112, 115 (1970)),

causing the statute to commence not simply when the elements of the offense are satisfied, but when the "prolonged course of conduct . . . has run its course," *id.*; *see also United States* v. *Yashar*, 166 F.3d 873, 876 (7th Cir. 1999).

The Second Circuit has explicitly held that extortion under the Hobbs Act is a continuing offense. In *United States* v. *Smith*, 198 F.3d 377 (2d Cir. 1999), the court stated the following:

> Several courts have held that Hobbs Act and extortion crimes involving multiple payments are continuing offenses for purposes of statutes of limitations. *See United States Textiles, Inc.* v. *Anheuser-Busch Cos., Inc.*, 911 F.2d 1261, 1265 (7th Cir.1990); *United States* v. *Bucci*, 839 F.2d 825, 829-30 (1st Cir.1988); *United States* v. *Aliperti*, 867 F. Supp. 142, 147 (E.D.N.Y.1994). In those cases, a single extortionate act committed within the statute of limitations period was sufficient to make defendant liable for all acts comprising the single scheme, even where the additional acts took place beyond the statute of limitations. We hold that the same principle applies in the context of venue.

*Id.* at 384.

Although the court in *Smith* was considering whether a Hobbs Act violation is a continuing offense for purposes of venue, it explicitly recognized that it was adopting the reasoning of numerous courts that had held the Hobbs Act to state a continuing offense for purposes of the statute of limitations. *Id.* Accordingly, it is clear that the Second Circuit's reasoning applies in both contexts.

Here, Count One charges numerous "extortionate act[s] . . . within the statute of limitations period" that are "sufficient to make defendant liable for all acts comprising the single scheme, even where the additional acts took place beyond the statute of limitations." *Id.* Accordingly, the defendant's motion to dismiss Count One on statute of limitations grounds should be denied.

With respect to the misappropriation offense alleged in Count Two, the Government believes there is a strong argument that Title 29, United States Code, Section 501(c) describes a "continuing offense," with respect to which the "limitations period . . . does not

begin" until "the conduct has run its course." *Rivera-Ventura*, 72 F.3d at 281. Nonetheless, in the absence of clear Second Circuit authority for this proposition with respect to Section 501(c), and in light of non-binding authority suggesting otherwise, *see United States* v. *Rivlin*, 2007 WL 4276712 (S.D.N.Y. 2007) (holding that embezzlement under 18 U.S.C. § 664 is not a continuing offense), the Government is prepared – for the purposes of this case and with respect to Count Two only – to proceed as though the charged conduct that occurred prior to December 17, 2002 is time-barred.

The impact of this concession on the trial, however, will be minimal. The evidence of the time-barred conduct charged in Count Two should still be admissible at trial on several theories. First, it will be admissible as proof of the extortion scheme charged in Count One, the allegations of which – as noted above – are not curtailed at all by the statute of limitations. Second, the defendant's long-standing practice of misappropriating union assets by commandeering the services of union staff should be admissible pursuant to Fed. R. Evid. 404(b) to establish, among other things, "opportunity, intent, preparation, plan, knowledge, . . . [and] absence of mistake or accident" with respect to the charged period of misappropriation. *See* Fed. R. Evid. 404(b). Finally, even if it did not qualify for admission under Rule 404(b) – which it does – the evidence of the defendant's time-barred acts of misappropriation would still be admissible as direct proof of the more recent acts because "evidence of uncharged criminal activity is not considered 'other crimes' evidence under Fed. R. Evid. 404(b) if it 'arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial.'" *United States* v. *Towne*, 870 F.2d 880, 886 (2d Cir. 1989) (quoting *United States* v. *Weeks*, 716 F.2d 830, 832 (11th Cir.1983)). In other words, while evidence of uncharged criminal activity that does not satisfy the requirements of Rule 404(b) should be excluded when that uncharged criminal activity is entirely unrelated to the charged conduct (*e.g.*, when it arises from some entirely separate scheme), evidence of uncharged criminal conduct

should be admitted – irrespective of Rule 404(b) considerations – when the uncharged conduct is part and parcel of the "story of the crime [on] trial." *Id.* Here, the time-barred acts of misappropriation and embezzlement are all part of a single, common scheme encompassing the charged acts. Accordingly, evidence of those acts would be admissible even if that evidence was not also admissible under Rule 404(b).

Thus, the only impact of the Government's concession with respect to Count Two will be that the jury will need to be instructed that, while no statute of limitations issues exist with respect to Count One and that, accordingly, it may consider the evidence of conduct prior to December 17, 2002 for all purposes, it may not convict on Count Two unless it finds that conduct satisfying the elements of the offense occurred after December 17, 2002. The Government does not object to an appropriately worded instruction along these lines.

**II.     Neither Count One Nor Count Two Is Duplicitous.**

The defendant asserts that Counts One and Two are impermissibly duplicitous – in other words, that each count charges more than one offense and the defendant is prejudiced thereby. The defendant's argument, however, completely misapprehends what it means for a charge to be duplicitous. Because, under the actual meaning of the term, Counts One and Two are plainly not duplicitous, this portion of the defendant's motion should be denied.

Paragraph 11 of the Indictment sets out, by way of example, numerous individual acts of extortion and misappropriation of the assets of a labor union that form the basis of Counts One and Two. (Ind. at ¶¶ 11a - 11t.) The defendant argues, with no legal support, that because "[t]he government plainly could have charged any of these subparagraphs . . . as individual counts[,] . . . the only question that remains is whether Mr. Rumore will be prejudiced by the government's decision to lard both counts with numerous offenses." (Mot. to Dismiss at 9-10).

The defendant's argument that a charge is duplicitous simply because the Government "could have charged . . . the individual acts [therein] . . . as individual counts,"

(Mot. to Dismiss at 9), has been explicitly rejected by the Second Circuit:

> We have declined to accept the law of the Fifth Circuit that any acts capable of being charged as separate offenses must be alleged in separate counts. Instead, under the law of this Circuit, acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme.

*United States* v. *Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992) (internal citations and quotations omitted); *see also United States* v. *Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) ("This Circuit has held that acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme."). Thus, far from how the defendant would define it, duplicity is "the allegation of several offenses in the same count," <u>not</u> the "allegation in a single count of the commission of a crime by several means." *United States* v. *Murray* 618 F.2d 892, 896 (2d Cir. 1980). Nor is there anything special about theft, embezzlement, or extortion offenses, all of which are subject to this same analysis. *See, e.g.*, *United States* v. *Daley*, 454 F.2d 505, 509 (1st Cir. 1972) ("embezzlement, by its very nature, contemplates that several separate transactions may [result] from a single, continuing scheme, and may therefore be charged in a single count"); *United States* v. *Pavloski*, 574 F.2d 933, 936 (7th Cir. 1978) ("Ordinarily embezzlement is accomplished by several separate transactions that may form a single, continuing scheme, and may therefore be charged in a single count.") (internal quotation omitted); *United States* v. *Jasper* 2003 WL 1345231, *1 (S.D.N.Y. 2003) ("The several instances of theft from the ATM machines alleged by the government in this case can clearly be characterized as a part of a single continuing scheme and can therefore be charged in a single count in the indictment without being duplicitous."); *United States* v. *Atiyeh*, 330 F. Supp. 2d 499, 504 (E.D. Pa. 2004) ("repeated unauthorized withdrawals allegedly made by the defendant are properly charged in a single count"); *United States* v. *Aliperti*, 867 F. Supp. 142, 146 (E.D.N.Y. 1994) (denying duplicity challenge where indictment "allege[d] that Defendants engaged in a single, continuous scheme of extortion"); *United States* v. *Albunio*, 1992 WL 281037, *4 (E.D.N.Y. 1992) (denying duplicity challenge to extortion count where

"indictment clearly reveals charges which were integral parts of a single, continuous scheme"); *United States* v. *Cervone,* 1988 WL 155641, *10 (E.D.N.Y. 1988) ("Count 58 (extortion) is not duplicitous as caselaw permits the government to charge defendants either in one count including several acts, each of which could be a separate count, or in several separate counts standing alone.").

The Indictment does nothing more unusual in this case than identify multiple acts that the defendant carried out as part of a single, continuing scheme to extort personal services from union officers (Count One) and, thereby, misappropriate the assets of the union (Count Two). One can hardly imagine a more consistent, continuing scheme than the one at issue here, where each criminal act was drawn from the exact same template. Throughout the scheme, the defendant used the same leverage (his union presidency) to extort and misappropriate the same thing of value (personal services) from the same small group of individuals (Local 812's officers and employees). That each individual act, as the defendant argues, could have been charged individually is of no legal relevance whatsoever. Accordingly, the defendant's duplicity challenge should be denied.

**III.    The Services Of Labor Union Employees Constitute "Assets" And "Property" Capable Of Being Stolen Or Embezzled.**

Citing no case in which a court has so held, the defendant argues that Title 29, United States Code, Section 501(c) – which makes it a crime to embezzle, steal, abstract, or convert moneys, funds, securities, property and other assets of a labor organization – does not prohibit a labor official from causing employees paid by the union to perform personal services for him during the hours that those employees are being paid to do union work. This type of argument has been repeatedly rejected before, and the Court should do so here.

In *United States* v. *Valentine*, 63 F.3d 459 (6th Cir. 1995), the court considered the case of the "Secretary/Treasurer of the Sevierville Water Department," *id.* at 461, who was alleged to have "required water department employees to run her personal errands during

working hours," *id.*  The defendant was charged with violating 18 U.S.C. § 666, which required the Government to prove that the defendant "embezzled, stole, fraudulently obtained or willingly converted property worth at least $5,000 which was under the control, care or supervision of the city and water department."  *Id.* at 462.  The court rejected the defendant's assertion that Section 666 did not cover such conduct.  *Id.* at 465.  The court found that "the government presented proof that Valentine misappropriated employee services," and that the "plain language of the statute does not preclude prosecution on this basis."  *Id.*

Similarly, in *United States* v. *Coleman*, 590 F.2d 228 (7th Cir. 1978), the court considered an appeal by the assistant director of the General Services Department of the city of Gary, Indiana, who was alleged to have caused city workers who were paid through a federal employment and training grant to "construct political signs for the mayoral primary campaign, and to perform various tasks in [the defendant's] business and otherwise for private benefit," *id.* at 229-230.  The proof at trial demonstrated that, at the direction of the defendant, these federally funded workers "painted houses, constructed a dog run and dog house, poured a residential foundation, built a fence, and fulfilled contracts [the defendant] had with the Veterans' Administration (VA) to maintain yards in VA held homes and to clean the Coroner's office," and also performed "[m]enial chores around [the defendant's] home."  *Id.* at 230 n.3.  The defendant was charged with violating 18 U.S.C. § 665, which required the Government to prove, among other things, "that the accused embezzled, willfully misapplied, stole, or obtained by fraud moneys, funds, assets, or property which are the subject of a grant or contract of assistance."  *Id.* at 230 (quotation omitted).  The court rejected the defendant's argument that "services of persons compensated out of grant money are not 'property . . . the subject of a grant,' and that misappropriation of such services is not theft, embezzlement, or willful misapplication of such property."  *Id.* at 231 (quoting 18 U.S.C. § 665).  Reasoning that "[w]illful misapplication of services generated by the granted funds is indistinguishable from willful misapplication of funds themselves," the court held that "the services of trainees contemplated by the program and

compensated by the granted funds were property which is the subject of a . . . grant and that a § 665 offense has been charged and proved." *Id.*

Finally, in *United States* v. *Sanderson*, 966 F.2d 184 (6th Cir. 1992), the court considered an appeal by "a supervisor in the Metropolitan Nashville-Davidson County Sheriff's Department," who was charged with both Hobbs Act extortion and "theft of property . . . from a local government agency that maintains a contract with the federal government," in violation of 18 U.S.C. § 666. *Id.* at 186. Specifically, the defendant was accused of "stealing from the Sheriff's Department more than $5,000 worth of materials and more than $5,000 worth of employee time" by taking construction materials paid for by the department and making subordinates "work[] substantial hours on [the defendant's] private construction projects." *Id.* at 186. The defendant was acquitted on the extortion charge, but was convicted under 18 U.S.C. § 666 and appealed. *Id.* Reviewing the specific language and legislative history of Section 666, the court found that the defendant's "theft of employee time is as much a theft of property as his theft of paint supplies." *Id.* at 189. Moreover, in response to the argument that such an interpretation of the statute was unforeseen to the defendant and fundamentally unfair, the court concluded that "[i]t is not unfair to anticipate that, when one steals paint and supplies and then orders employees to use such materials in private contract work, both actions will be considered components of the larger, single fraudulent act of theft from the local government." *Id.*

These cases make plain that the Court should reject the defendant's assertion that commandeering the services of Local 812's employees did not deprive the union of property or assets under Section 501(c). Misappropriation of the services of an entity has been repeatedly held to constitute theft of that entity's property under statutes like the one at issue here. Accordingly, the defendant's motion to dismiss Count Two of the Indictment on this ground should be denied.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's motion on the merits in all respects, except that the portion of the motion concerning the application of the statute of limitations to Count Two should be denied as moot in light of the Government's concession that it will proceed only on the portion of that charge that is based on conduct that occurred within the five-year period preceding the return of the Indictment.

Dated:     New York, New York
           June 16, 2008

                                        Respectfully submitted,

                                        MICHAEL J. GARCIA
                                        United States Attorney

                            By:    /s/ Michael A. Levy
                                   MICHAEL A. LEVY
                                   Assistant United States Attorneys
                                   (212) 637-2346

Cc:    Thomas P. Puccio, Esq.
       Attorney for Anthony Rumore