UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                                                                              No.  07 Cr. 1167 (LTS)

ANTHONY RUMORE,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Defendant Anthony Rumore ("Defendant" or "Rumore") is charged in a two-count indictment (the "Indictment") with (1) using his position as President of Local 812 of the International Brotherhood of Teamsters ("Local 812" and the "IBT," respectively) and President of Joint Council 16 of the IBT ("Joint Council 16") to extort personal services from various employees of Local 812, in violation of the Hobbs Act, 18 U.S.C. § 1951; and (2) embezzling the assets of a labor organization of which he was then an officer, in violation of 29 U.S.C. § 501(c). Defendant has moved pursuant to Federal Rule of Criminal Procedure 12 to dismiss the Indictment on the grounds that (1) prosecution based on any act of extortion or embezzlement alleged to have occurred before December 17, 2002, is barred by the statute of limitations; (2) the Indictment is impermissibly duplicitous; and (3) the union employees' time that Defendant allegedly embezzled does not constitute union "property" in the sense contemplated by 29 U.S.C. § 501(c) and thus its alleged misuse cannot form the basis of a valid prosecution under that statute. The Court has thoroughly reviewed and carefully considered all of the parties' submissions and, for the following reasons, grants the motion in part.

BACKGROUND

The Indictment, which charges Rumore with extortion in violation of 18 U.S.C. § 1951 ("Count One") and embezzlement of labor union assets in violation of 29 U.S.C. § 501(c) ("Count Two"), was returned on December 17, 2007. (See Docket Entry No. 1, Indictment ("Ind.")). The Indictment alleges that, from in or about 1988 until on or about September 10, 2004, Defendant used his positions as the president of Local 812 and Joint Counsel 16 to extort personal services from the officers and employees of Local 812. (See Ind. ¶¶ 4; 5; 9; 11.) Paragraph 11 of the Indictment identifies 20 different alleged instances of extortion of personal services from Local 812 officers and employees. This alleged conduct is the basis of a single count of extortion in violation of the Hobbs Act, 18 U.S.C. § 1951, and of a single count of embezzling labor union assets in violation of 29 U.S.C. § 501(c). (Ind. ¶¶ 12; 15.)

The Indictment does not specify the Local 812 officers and employees from whom Defendant allegedly extorted personal services. Instead, Paragraph 11 of the Indictment refers to Local 812 officers and employees generally as "Local 812 Employee" or "Local 812 Employees." According to the Indictment, the personal services alleged to have been extorted were frequently performed during business hours. (Ind. ¶ 9.) The earliest conduct described in Paragraph 11 allegedly occurred in or about 1988 and the most recent such conduct allegedly occurred in or about 2003. (Ind. ¶¶ 11a; 11r; see also ¶ 11t (specifying conduct occurring "in or about November 2003").) Of the twenty alleged instances of conduct, as described in the Indictment, thirteen occurred prior to December 17, 2002. Only three of the subdivisions of Paragraph 11 allege conduct that clearly occurred entirely after December 17, 2002. (Ind. ¶ 11.) Some of the personal services alleged to have been extorted include: chauffeuring Defendant and his daughters; transporting Defendant's personal belongings; moving Defendant's daughter's personal belongings;

running errands in connection with Defendant's daughter's wedding; doing work on Defendant's house and property; and erecting a tent in preparation for a personal social event.  (Ind. ¶ 11.)   The Indictment alleges that the Local 812 officers and employees performed these services out of a reasonable fear that refusal would result in economic harm, including the loss of their union employment.  (Ind. ¶ 10.)

## D<small>ISCUSSION</small>

Defendant's motion is three-pronged.  First, Defendant moves to dismiss Counts One and Two on statute of limitations grounds, to the extent that they are based on conduct that occurred more than five years before the Indictment was returned.  Second, Defendant moves to dismiss both counts on the grounds that they are impermissibly duplicitous and, third, Defendant moves to dismiss Count Two on the ground that the personal services he allegedly extorted from employees were not union assets within the meaning of 29 U.S.C. § 501(c)'s prohibition on embezzlement or conversion of a labor organization's "property . . . or other assets."

A. Statute of Limitations Argument

The parties agree that, because neither of the charged statutory offenses specifies a limitations period, the 18 U.S.C. § 3282 five-year limitations period applies to both counts.  See 18 U.S.C. § 3282.  Defendant argues that application of this limitations period mandates dismissal of Counts One and Two to the extent that they are based on conduct that occurred prior to December 17, 2002 – five years before the Indictment was returned.

1. Count One

The Government argues that none of the conduct enumerated in paragraph 11 of the Indictment is time-barred as a basis for prosecution and conviction because Count One alleges a continuing offense.  A continuing offense "involves a prolonged course of conduct; its commission

is not complete until the conduct has run its course." U.S. v. Rivera-Ventura, 72 F.3d 277, 281 (2d Cir. 1995). "[T]he limitations period for a continuing offense does not begin until the offense is complete," id., thereby allowing prosecution of conduct that might otherwise be time-barred.

The Supreme Court has recognized that there is tension between the purpose of a statute of limitation – a statute of repose that is intended, in the criminal context, to prevent individuals from having to defend against charges based on events that occurred long ago – and the continuing offense doctrine, which "for all practical purposes, extends the statute beyond its stated term." Toussie v. United States, 397 U.S. 112, 115 (1970); see also Rivera-Ventura, 72 F.3d at 281.  It has instructed the lower courts to interpret statutes of limitation liberally in favor of repose and refrain from construing crimes as continuing offenses "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." Toussie, 397 U.S. at 115.

The Court finds it inappropriate to treat the alleged extortionate conduct, as charged in Count One of the Indictment, as a continuing offense.  Neither the explicit language of 18 U.S.C. § 1951 nor the nature of the crime supports the notion that Congress intended the collection of actions charged here to be treated as a continuing crime.[1]  The statute contemplates an offense that can be completed in a single act.  The Indictment at issue here alleges a large number of discrete

---

[1] Section 1951 authorizes prosecution of, inter alia, anyone who "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section."  18 U.S.C.A. § 1951(a) (West 2000).  "Extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."  18 U.S.C.A. § 1951(b) (West 2000).

acts of extortion, committed over an extended period of time and involving an unspecified number of unidentified individuals. The only relationship among the acts, as described in the Indictment, derives from the individuals' common employment relationship with Local 812 and the Defendant's position with Local 812 and Joint Council 16. (See Ind. ¶ 11.)

The Government relies on United States v. Smith, 198 F.3d 377 (2d Cir. 1999), for the proposition that the Second Circuit has explicitly held that extortion under the Hobbs Act is a continuing offense. In Smith, the Second Circuit held that a Hobbs Act violation was a continuing offense for the purpose of venue and observed that "[s]everal courts have held that Hobbs Act and extortion crimes involving multiple payments are continuing offenses for purposes of statutes of limitations." Smith, 198 F.3d at 384 (citing United States Textiles, Inc. v. Anheuser-Busch Cos., Inc., 911 F.2d 1261 (7th Cir. 1990); United States v. Bucci, 839 F.2d 825 (1st Cir. 1988); and United States v. Aliperti, 867 F. Supp. 142 (E.D.N.Y. 1994).) Smith and the cases cited therein, however, are distinguishable from this case. In Smith, the extortionate conduct in question, which was committed by two participants in the scheme in two districts, involved weekly collections by extortionate means from two specific victims over a one- to two-year period. Smith, 198 F.3d at 384-85. The conduct analyzed for venue purposes in Smith thus clearly constituted a "single, continuous plan of extortion with multiple payments." U.S. v. Hedman, 630 F.2d 1184, 1199 (7th Cir. 1980). Where such a single, continuous plan is alleged, it is appropriate to treat the alleged crime as a continuing offense. The extortion scheme authorities cited in Smith involved similarly related conduct.[2]

---

[2] See United States Textiles, Inc. v. Anheuser-Busch Cos., Inc., 911 F.2d 1261, 1263-65 (7th Cir. 1990) (Plaintiff alleged Hobbs Act and Travel Act violations, as predicate acts in support of civil RICO claim, based on Defendant's forcing Plaintiff to enter into a contract under whose terms Plaintiff had to make up a $2.55 million inventory

In this case, notwithstanding the Government's use of an "Extortion Scheme" heading in the Indictment, the conduct described in the Indictment is not a single, continuous plan of extortion; it is, rather, comprised of a large number of discrete, completed acts of extortion of the services of (presumably) numerous, unnamed individuals, connected only by position and employer. In light of the admonition that courts should construe crimes as continuing offenses only where it is apparent that Congress assuredly intended the crime to be treated as a continuing one, the Court finds no legitimate basis for construing the extortion allegations in the Indictment as charging a continuing offense. The Government will therefore be precluded from prosecuting the charge in Count One on the basis of conduct that occurred prior to December 17, 2002.

### 2. Count Two

The Government acknowledges that it is unclear whether the embezzlement offense charged in Count Two can be treated as a continuing offense for limitations purposes, and has agreed to proceed as though the charged conduct that occurred prior to December 17, 2002, is time-barred. Id. Thus, Defendant's motion is moot to the extent it seeks the dismissal of the charge in Count Two as to pre-December 17, 2002, conduct.

### B. Argument for Dismissal of Indictment as Duplicitous

Defendant argues that the multiple instances of enumerated conduct incorporated into each count of the Indictment render the Indictment impermissibly duplicitous. "An indictment

---

deficit through a series of discounted t-shirt transactions); United States v. Bucci, 839 F.2d 825, 826-828 (1st Cir. 1988) (Hobbs Act violation involving single victim and multiple payments to defendants in connection with a single contract to lease garbage trucks); United States v. Aliperti, 867 F. Supp. 142, 147 (E.D.N.Y. 1994) ("Indictment allege[d] that the defendants engaged in a single, continuous plan of extortion envisioning multiple payments over several years from certain named companies.").

is duplicitous if it joins two or more distinct crimes in a single count." United States v. Aracri, 968 F.2d 1512, 1518 (2d Cir. 1992). "Duplicitous pleading, however, is not presumptively invalid." U.S. v. Olmeda, 461 F.3d 271, 281 (2d Cir. 2006). Duplicitous pleading is prohibited only where the Indictment "combines two or more distinct crimes into one count" and "the defendant is prejudiced thereby." United States v. Sturdivant, 244 F.3d 71, 75 (2d Cir. 2001). Defendant's prejudice arguments focus principally on the temporal scope of Paragraph 11 of the Indictment. In that the Court has found the pre-December 17, 2002, allegations in Count One time-barred and the Government has, in essence, withdrawn such allegations as the basis of the charge in Count Two, the factual predicate of Defendant's argument that the Indictment should be dismissed as duplicitous has been diminished substantially. The Court finds that the joinder in each count of the remaining handful of allegations of underlying criminal conduct, all of which concern events alleged to have occurred within a one-year period, does not present a prospect of complexity in terms of defense of the charges that would amount to prejudice requiring dismissal on duplicitousness grounds.

Potential lack of jury unanimity as to the basis for a conviction, and uncertainty as to which acts were proven at trial for purpose of relevant conduct determinations in connection with any necessary sentencing, are also important considerations in the context of any duplicitousness analysis. United States v. Margiotta, 646 F.2d 729, 732-33 (2d Cir. 1981). The Court will give its standard instruction regarding unanimity in its jury charge, and will include a specific instruction that all jurors must agree on the act(s) underlying a conviction on either count. Such instructions are sufficient to address any risk of a non-unanimous verdict. Defendant's motion is, accordingly, denied insofar as it seeks dismissal on the grounds that the Indictment is duplicitous.

C. Use of Personal Services of Labor Union Employees as Predicate for Section 501(c) Charge

Defendant argues that Count Two must be dismissed because the Indictment fails to allege a legally cognizable theory of embezzlement. As noted above, the Indictment alleges that Rumore obtained and utilized the services, during normal business hours, of Local 812 employees for his personal benefit. According to Defendant, the personal services that he is alleged to have extorted cannot constitute Local 812 "property" so as to support an allegation of embezzlement in violation of 29 U.S.C. § 501(c).

That statute provides in pertinent part that, "[a]ny person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000 or imprisoned for not more than five years, or both." 29 U.S.C.A. § 501(c) (West 1998) (emphasis added). Defendant's argument centers on whether the concept of a labor organization's "property" encompasses the union employees' time. Neither party has provided the Court with binding authority as to whether an employee's time constitutes an employer's property or "other assets." The cases that Defendant cites from this circuit are inapposite. In In re Subpoenas to Local 478, 708 F.2d 65 (2d Cir. 1983), the Second Circuit held that an employer does not have standing as a third-party to move to quash subpoenas ad testificandum addressed to employees. Id. at 72-73. In All Aire Conditioning, Inc. v. City of New York, 979 F. Supp. 1010 (S.D.N.Y. 1997), the court held that the plaintiff businesses did not have a constitutionally protected property interest in their employees' time and thus could not maintain due process claims alleging that they were improperly deprived, as a result of New York City parking enforcement policies, of the work time employees spent defending parking tickets issued to them while on company business. Id. at 1016. The

context of these decisions, which involved balancing the interests of the public against those of the employers, and the principles applied therein, render them inapplicable here.

In the absence of binding authority to the contrary, the Court finds persuasive the decisions cited by the Government that stand for the proposition that misappropriation of personal services of an employee constitutes theft or embezzlement from the employer.  See e.g., United States v. Sanderson, 966 F.2d 184 (6th Cir. 1992) (sheriff department supervisor guilty of theft under 18 U.S.C. § 666(a)(1)(A), which "permits prosecution of any agent of a local government organization agent  who 'embezzles, steals, obtains by fraud or otherwise without authority knowingly converts . . . property' valued at $5,000 or more, which is under the government's ownership or control," when on-duty sheriff department employees worked substantial hours on supervisor's private construction projects (quoting statute)).  To hold otherwise would be to prohibit a union officer from taking union funds, but allow him to obtain the services purchased with those funds, without penalty.  The Court finds it self-evident that the value of labor paid for by an organization is an asset of that organization and also notes that the Indictment includes an allegation that tangible union property (in addition to union employees' services) was utilized for Defendant's personal tasks,  Ind. ¶ 15.  Cf. United States v. Hultman, 26 Fed. Appx 60, 62-63 (2d Cir. 2001) (Second Circuit summary order holding that Defendant-appellant, who had been the administrator of a long-term care facility, violated 18 U.S.C. § 666, a statute prohibiting embezzlement from organizations receiving federal funding by "putting employees that were building [his] private home on the [organization's] payroll.").

Accordingly, the Government has sufficiently alleged that Defendant has embezzled Local 812's assets in violation of 29 U.S.C. § 501(c).  Defendant's motion to dismiss Count Two, based on a failure to state a legally cognizable theory of embezzlement under 29 U.S.C. § 501(c), is

denied.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Indictment is granted to the extent that the Government is precluded from prosecuting the charge in Count One of the Indictment on the basis of any conduct alleged to have occurred prior to December 17, 2002. The Government is, pursuant to its undertaking in response to this motion practice, similarly precluded from prosecuting the charge in Count Two of the Indictment on the basis of any conduct alleged to have occurred prior to December 17, 2002. Defendant's motion is denied in all other respects.

This Memorandum Opinion and Order resolves docket entry no. 12.

Dated: New York, New York
       July 14, 2008

_____
LAURA TAYLOR SWAIN
United States District Judge